# The Beneficial Saving Fund Society of Philadelphia v. Molnick

*Thomas Timoney*, for plaintiff.
*Marlyn Smith*, for defendants.

DANNEHOWER, J., August 3, 1956.—This matter comes before the court on defendants' petition to set aside a sheriff's sale of certain real property which had been made on May 31, 1956, following the entry of a judgment by default upon a complaint and amended complaint in mortgage foreclosure.

Defendants contend that the complaint was fatally defective on its face because plaintiff, in its prayer for relief, did not demand or pray for "foreclosure and sale of the mortgaged property", and that by reason of this alleged irregularity, the sale should be set aside and the writ of levari facias should be stricken from the record.

An answer was filed wherein plaintiff denied that the complaint was defective. Upon agreement of counsel oral argument was waived and the case was presented to the court on written briefs and is pending for decision.

From the undisputed facts it appears that on Febuary 15, 1956, a complaint in mortgage foreclosure was

filed against defendants, alleging them to be in default on payments of principal and interest on the mortgage debt. On March 13, 1956, an amended complaint was filed in response to objections from the United States which held a lien against the subject premises. The amended complaint also made a slight change in the prayer for relief. On April 9, 1956, judgment by default for want of an answer and appearance was entered against defendants, and on May 31, 1956, pursuant to a writ of levari facias, the subject premises were put up for sheriff's sale and were purchased by mortgagee-plaintiff. Defendants did nothing in reference to the foregoing proceedings until June 18, 1956, when the present petition was filed.

The petition challenges the regularity and validity of plaintiff's complaint, and the question to be decided is whether in the prayer for relief there must be a demand for "foreclosure and sale of the mortgaged property", or words to that effect.

The prayer for relief in the amended complaint is as follows:

"Wherefore, Plaintiff demands judgment against the Defendants, Abe Molnick and Charlotte Molnick, his wife, *mortgagors and real owners*, hereinabove mentioned, in the sum of Twenty-Two Thousand Five Hundred Thirteen Dollars Eight Cents ($22,513.08), and that the lien of the United States of America be discharged." (Italics supplied.)

The following averments, as set forth in Pa. R. C. P. 1147, are essential to a complaint in mortgage foreclosure:

"The plaintiff shall set forth in the complaint:

"(1) the parties to and the date of the mortgage, and of any assignments, and a statement of the place of record of the mortgage and assignments;

"(2) a description of the land subject to the mortgage;

"(3) the names, addresses and interest of the defendants in the action and that the present real owner is unknown if he is not made a party;

"(4) a specific averment of default;

"(5) an itemized statement for the amount due; and

"(6) *a demand for judgment for the amount due.*" (Italics supplied.)

It is further provided at rule 1141(*b*) as follows:

"Except as otherwise provided in this chapter, the procedure in the action shall be in accordance with the rules relating to the action of assumpsit."

Upon reference to the pertinent Rules of Civic Procedure, we are unable to discover the imperative need for a prayer for relief demanding the "foreclosure and sale of the mortgaged property". No such mandate is contained in rule 1147(6), nor in the Rules of Civil Procedure as they apply to the action of assumpsit. To satisfy the rules, plaintiff need only make a demand for judgment for the amount due. In our view, the present complaint and the writ of levari facias issued thereon are proper and regular in all their essential features and defendants' objections thereto, raised by the instant petition, are without merit and must, therefore, be dismissed.

"Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear. and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit": Pa. R. C. P. 127(*b*).

### Order

And now, August 3, 1956, for the foregoing reasons, defendants' petition to set aside the sheriff's sale is hereby dismissed and the rule discharged. Costs of this proceeding are to be assessed against defendants.